

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 24, 2018

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Vaughn Richmond</u>,
              13 Cr. 356 (RMB)

Dear Judge Berman:

On July 19, 2018, the Court arraigned the defendant, Vaughn Richmond, on four specification alleging violations of the terms of his supervised release. At that conference, the Government raised concerns regarding the authenticity of two letters dated July 12, 2018, Dkt. 92, Exs. A & B (collectively, the "July 12 Letters"), signed by Konstantinos Anastasakis ("Konstantinos"), which were submitted on behalf of the defendant just one day earlier and concerned the defendant's purported employment with Malvasia Management Group ("Malvasia"). Since that conference, the Government has conducted a rigorous investigation into the July 12 Letters and the defendant's purported employment with Malvasia, as well as other representations made by the defendant in relation to his supervised release obligations.

Based on the Government's investigation, the Government cannot show that the July 12 Letters were forgeries. Nevertheless, the Government has learned deeply concerning information that calls into question the accuracy of the defendant's representations about his employment, income, and compliance with his restitution obligations. Therefore, the Government respectfully submits that an evidentiary hearing on the authenticity of the July 12 Letters is not warranted at today's 2 p.m. conference. Rather, having conferred with defense counsel, we respectfully request that the Court schedule an evidentiary hearing in approximately 30 days to address the issue of restitution.

Although Konstantinos has come forward to claim that the July 12 Letters submitted to the Court were authentic, the Government had several reasonable bases for its initial suspicions to the contrary. Among them: (1) the phone number listed on the bottom of the Malvasia letterhead did not match the phone number listed on the Malvasia website (the last two numbers were inverted); (2) Probation Officer Gonzalez visited the address listed on the letterhead and did not find any

Hon. Richard M. Berman                                                                                    Page 2
United States District Judge

office for Malvasia, but rather a florist shop operating under the name "Simpson & Co." ("Simpson"); (3) in response the assertion in one of the July 12 Letters that the proprietor of Simpson was Konstantinos's brother, George Anastasakis ("George"), Probation Officer Gonzalez spoke with George, who, among other things, denied any knowledge of the defendant or Malvasia, and denied having a brother by the name Konstantinos. In a subsequent interview, however, George acknowledged being estranged from Konstantinos, and that, while Malvasia does not maintain office space at the address listed on its corporate letterhead, Malvasia occasionally receives mail there.

While the Government does not have evidence to dispute the literal authenticity of the July 12 letters, they remain troubling. The Government has learned that the letters were written, suspiciously, by Konstantinos together with the defendant, and contain representations that are, at best, exceedingly misleading and for which there is no reasonable basis.

First, one of the letters, which was addressed to defense counsel presumably for the purpose of being submitted to or informing representations to the Court, begins with a blatant falsehood. The letter states, "Malvasia Management Group initially expressed a willingness to offer employment to Vaughn Richmond as a site inspector for a portion of our company's residual floral arrangement business." Dkt. 92, Ex. B. However, as Konstantinos acknowledged to the Government, this was not a true statement, as Malvasia has no floral arrangement business whatsoever. Accordingly, Konstantinos acknowledged to the Government that there was no real offer made to the defendant to be a floral site inspector with Malvasia.

The falsity of this portion of the July 12 Letters raises serious questions about the veracity of the defendants' statements on the record to the Court. At the May 3, 2018 conference, the defendant stated that he had "just secured [another job] yesterday" with Malvasia "check[ing] to make sure the floral arrangements are done properly." Dkt. 85, at 8. Given the lack of any floral-related job to be had at Malvasia, it is implausible that the defendant's assertion to the Court that he had "secured" such a job was made in good faith.[1]

---

[1] It is especially worrisome that Konstantinos affirmed, in paragraph 6 of the affidavit filed by defense counsel yesterday, that "[i]n May 2018, [he] offered [the defendant] an opportunity to work with Malvasia." Dkt. 93, Ex. A. It may well be true, as stated later in the paragraph, that Konstantinos was traveling, and therefore was unable to coordinate the details of an employment position for the defendant, and that the defendant was ready to begin at any time. But none of those obfuscations transforms an "offer[ of] an opportunity" for a non-existent position of Malvasia floral inspector into a real job offer that the defendant could reasonably have believed he firmly had been given.

In the Government's view, Konstantinos's credibility is further undermined by the specific misrepresentations made on the Malvasia website, which claims that the company maintains floral arrangement commissions with several named luxury hotels in New York City, which, of course, it does not.

Hon. Richard M. Berman                                                                                    Page 3
United States District Judge

Second, the letter in which Konstantinos does appear to extend the defendant a job offer also makes a baseless assertion, which appears intended to deceive the Court as to the timing of the defendant's employment. The letter, dated Thursday, July 12, 2018, states that the defendant's "starting date will be Monday, July 16, 2018." Dkt. 92, Ex. A. As such, the defendant would have started employment with Malvasia as of the July 19, 2018 conference. Indeed, defense counsel stated on the record that the defendant had "started the employment . . . his first day was officially on Monday . . . [t]he 16th of July." Transcript of July 19, 2018 Hearing, at 9.

Yet, Konstantinos has acknowledged to the Government that, to this very day, one week after the purported start date, the defendant has not yet begun paid employment with Malvasia. The offer letter's assertion that the defendant would begin employment on July 16, 2018 was completely without foundation. As of July 12, 2018, the date of Konstantinos's letter, Malvasia did not have an actual office, and it still does not. Konstantinos has indicated to the Government that the defendant will not begin paid employment until Malvasia opens actual office space. There was thus no basis for either Konstantinos or the defendant to believe that the defendant would begin consistent, salaried employment on the date indicated in the letter and submitted to the Court. And the defendant's silence in failing to correct his counsel's statement that he had already begun employment with Malvasia is disquieting, and ultimately, inexcusable.[2]

Finally, the Government's investigation has unearthed additional facts indicating that the defendant has not been compliant with his restitution obligations. As the Court knows, the defendant is obligated to contribute 20% of his gross revenue on a monthly basis towards satisfying his $200,000 restitution judgment. Restitution is at the core of the defendant's supervised release, as the Court sentenced the defendant to no term of imprisonment in part to permit him to work and pay restitution. To date, the defendant has contributed only $3,500 toward the judgment. As one example of the defendant's failure to meet his obligations, the defendant submitted to his Probation Officers a completed Financial Statement, dated May 21, 2018, which was certified as true with knowledge of the penalties for false statements pursuant to 18 U.S.C. § 1001. The financial statement indicated that the defendant had a monthly income of $4,000, $2,000 of which came from a part-time job and $2,000 of which came from another form of "self" income. Yet the defendant made no restitution payments for income earned in May.[3] The Government is also seeking to obtain documentation regarding additional income that it has reason to believe, based on present information, the defendant has not disclosed in the past year.

---

[2] The Government does not intend to suggest that defense counsel knowingly misled the Court, but rather, it appears likely that defense counsel, too, was deceived by the letter Konstantinos and the defendant colluded together to create.

[3] The defendant made a payment of $800 on May 3, 2018. Defense counsel indicated on the record at the May 3, 2018 conference that that payment was being made in anticipation of receiving $4,000 for income previously earned working for Lisa Miranda. Dkt. 85, at 5. As such, that payment does not cover any income earned in May.

Hon. Richard M. Berman                                                          Page 4
United States District Judge


       The Government, therefore, respectfully requests that the Court schedule an evidentiary hearing in approximately 30 days to address the issue of restitution.

                    Respectfully submitted,

                    GEOFFREY S. BERMAN
                    United States Attorney

      By: _____

                    Brett M. Kalikow
                    Assistant United States Attorneys
                    (212) 637-2220


cc:     All counsel of record, via ECF
        P.O. Ana Gonzalez
        P.O. Lisa Faro